**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CV 08-2369-PHX-FJM |
| Plaintiff-Respondent, ) | **ORDER** |
| vs. ) | |
| Jonathan Hunter, ) | |
| Defendant-Movant. ) | |

The court has before it movant Jonathan Hunter's motion to correct, vacate, or set aside criminal convictions pursuant to 28 U.S.C. § 2255 (doc. 1), the United State's response (doc. 14), movant's reply (doc. 15), and a report and recommendation of the United States Magistrate Judge (doc. 19). We also have before us movant's objections to the report and recommendation, motion for judgment on the pleadings, motion to strike portions of the report and recommendation, request for judicial notice, and motion for a copy of the current docket sheet (docs. 20, 21, 22, 23, 25). The court also has before it movant's request for discovery under Habeas Corpus Rule 6(a) (doc. 28). Also before the court is the United State's motion to consolidate this case with Derrick McCreary v. United States of America, CV-09-1023-PHX-FJM-MHB (doc. 26).

As an initial matter, we deny movant's request for discovery. Under Rule 6(a), Rules Governing Section 2255 Proceedings, a judge may allow a habeas petitioner to conduct discovery for "good cause." Discovery is only necessary in habeas cases where the

petitioner's allegations suggest that, if the facts are fully developed, he may be entitled to relief or where discovery is "essential" for the petitioner to "fully develop" his claim. Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2005). Neither condition is satisfied here. Petitioner's claims are without merit and discovery is not essential for these claims to be fully developed. Moreover, discovery at this stage would be futile because petitioner has already submitted his motion, reply brief, and objections to the report and recommendation and has no further opportunity for briefing before this court.

**I**

On June 22, 2005, a jury found movant guilty of one count of conspiracy (count one), two counts of armed bank robbery (counts two and four), and two counts of the use of a firearm in the commission of a crime (counts three and five). He was sentenced to 504 months in prison. Movant appealed on the grounds that we had admitted hearsay and unauthenticated evidence and improperly prohibited his alibi witnesses from testifying. The Ninth Circuit affirmed in February 2008, and his petition for a writ of certiorari was denied on June 23, 2008.

On December 29, 2008, Movant timely filed a motion to vacate under 28 U.S.C. § 2255 claiming that: (1) the jury instructions unconstitutionally added the charge of possession of a firearm to counts three and five of the indictment; (2) he was denied effective assistance of counsel; (3) count five of the indictment failed to charge a federal crime or offense under 18 U.S.C. § 924(c)(1)(A); and (4) the prosecutor committed misconduct. The magistrate judge concluded that all of movant's claims, except for ineffective assistance of counsel, were procedurally defaulted because movant failed to raise them on direct appeal. The magistrate judge also concluded that movant was not deprived of the effective assistance of counsel and is not entitled to relief. We agree.

**II**

In his objections and motions filed in response to the magistrate judge's report and recommendation, movant raises many of the same arguments addressed in his initial motion. First, he claims that he was improperly convicted of the possession prong of 18 U.S.C.

§ 924(c)(1)(A). Section 924(c)(1)(A) contains two clauses "one that refers to an offender who 'uses or carries a firearm' 'during and in relation to any . . . drug trafficking crime' and a second that criminalizes possession of a firearm 'in furtherance of any such crime.'" United States. v. Nobari, __ F.3d ___, 2009 WL 2195345 *11 (9th Cir. July 24, 2009). Movant claims that the jury instructions unconstitutionally conflated these clauses describing them as a single offense. See Response, Ex.2 (the court stated to the jury that the government must prove beyond a reasonable doubt that "the defendant used, carried, possessed, or brandished the firearm during and in relation to the crime of armed bank robbery.").

Movant did not, however, raise his argument regarding the jury instructions on direct appeal, and it is, therefore, procedurally defaulted. "Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" Bousely v. United States, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610 (1998) (quotation omitted). A movant, therefore, procedurally defaults on all claims not raised on direct appeal, other than ineffective assistance of counsel, unless he can show (1) cause for failing to raise the claim, and (2) actual prejudice from the alleged violation. United States v. Frady, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594 (1982).

Movant fails to show cause and prejudice. Even if he could have shown cause, movant cannot show that he was actually prejudiced by the jury instructions. Section 924(c) creates a single offense, United States. v. Arreola, 467 F.3d 1153, 1157 (9th Cir. 2006), and although the two clauses of section 924(c)(1)(A) contain relevant distinctions, "conflating the clauses in . . . jury instructions [does] not 'seriously affect[ ] the fairness, integrity or public reputation of' [a] trial." Nobari, 2009 WL 2195345 at *11 (quotation omitted). Movant was not, therefore, prejudiced by the court's jury instructions regarding the charges under 18 U.S.C. § 924(c)(1)(A).

In his objections to the report and recommendation, movant also reasserts his argument that he was deprived of the effective assistance of counsel. To prove ineffective assistance of counsel, movant must show that: (1) counsel's representation was objectively unreasonable; and (2) he was prejudiced by it. Strickland v. Washington, 466 U.S. 668, 687,

104 S. Ct. 2052, 2064 (1984). For the reasons just discussed, we conclude that movant was not prejudiced by counsel's failure to raise an argument regarding the jury instructions and counsel was not, therefore, ineffective on that basis. See Wilson v. Henry, 185 F.3d 986, 991 (9th Cir. 1999) (concluding that petitioner was not prejudiced by counsel's failure to raise an argument on appeal that "would have almost certainly failed").

Movant also claims that his counsel was ineffective because he failed to investigate and present the testimony of two alibi witnesses. Movant contends that Tamiko Jones and Starkena Ford would have testified that he was out of town on the day of one of the bank robberies. Movant also claims that his counsel knew of these witnesses well in advance of trial and committed perjury and fraud when counsel stated to the court that he had become aware of these alibi witnesses shortly before trial.

While counsel has a duty to conduct reasonable investigations, "[i]n any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691, 104 S. Ct. 2052. Even if we assume that counsel was aware of movant's alibi witnesses at an early stage of the litigation, his failure to investigate their claims did not fall below an objective standard of reasonableness. Movant's actual presence at the bank robberies was not required for any of the counts on which he was convicted. See Response, Ex. 2, 5 & 6. Movant has not shown, therefore, that counsel's performance was ineffective for failing to investigate or present witnesses whose testimony would not have affected the theories upon which he was convicted.

Movant also contends that his counsel was ineffective because he did not use medical records to impeach the prosecution's witness, Antoine Downs, on cross examination. Movant does not argue, however, that his counsel failed to cross examine Antoine Downs or that counsel was inadequately prepared with his examination. Rather, he seems to dispute only the particular evidence that counsel used to impeach Downs's testimony. "[A] difference of opinion with respect to trial tactics . . . alone generally does not constitute a denial of effective assistance of counsel." United States v. Mayo, 646 F.2d 369, 375 (9th Cir.

1981). Counsel's performance was not, therefore, ineffective where he chose to cross examine Antoine Downs using evidence other than Downs's medical records.

Finally, movant argues, without citing to the trial transcript, that the prosecutor committed misconduct by allegedly vouching for Downs's credibility to the jury. This claim, however, is procedurally barred because movant failed to raise it on direct appeal. Moreover, movant has not attempted to argue cause for failing to raise this claim or that he suffered actual prejudice on account of the prosecutor's alleged comments.

### III

Accordingly, **IT IS ORDERED DENYING** the motion to correct, vacate, or set aside criminal convictions (doc. 1). **IT IS FURTHER ORDERED DENYING** movant's motion for judgment on the pleadings (doc. 22), and **DENYING** movant's motion to strike (docs. 20 and 23). **IT IS FURTHER ORDERED DENYING** movant's motion for a copy of the current docket sheet as moot (doc. 25). **IT IS FURTHER ORDERED DENYING** movant's motion for discovery under Habeas Corpus Rule 6(a) (doc. 28).

Because we have ruled on the motion to vacate, the United State's motion to consolidate this case with Derrick McCreary v. United States of America, CV-09-1023-PHX-FJM-MHB is moot. Accordingly, **IT IS ORDERED DENYING** the United State's motion to consolidate (doc. 26). This is without prejudice to the right of the United States to move to vacate the reference to Magistrate Judge Burns in McCreary and refer McCreary to Magistrate Judge Aspey.

DATED this 14th day of August, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge