**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CV-08-02369-PHX-FJM |
| Plaintiff-Respondent, | ) ) | **ORDER** |
| vs. | ) ) | |
| Jonathan Hunter, | ) ) | |
| Defendant-Movant. | ) ) ) | |

Movant Jonathan Hunter is serving a 504-month sentence in connection with two armed bank robberies in 2002. On August 17, 2009, we denied his motion to vacate, set aside, or correct the sentence (doc. 29). The court now has before it his motion for reconsideration (doc. 37). The United States filed a notice that it will not respond unless ordered to do so (doc. 39).

Movant requests reconsideration and relief from judgment under Rule 60(b)(6), Fed. R. Civ. P. He contends once again that count five of his indictment failed to charge a federal crime or offense under 18 U.S.C. § 924(c)(1)(A). We rejected this contention in passing, and he asks for clarification. The indictment included two counts of armed bank robbery, counts two and four, and corresponding counts of using a firearm in the commission of a crime of violence, counts three and five. Count five referenced the armed bank robbery, "as alleged in Count 5 of this indictment." Motion to Vacate, Set Aside, or Correct the Sentence at 34.

Movant argues that count five did not fairly inform him of the charges against him because it erroneously referenced itself instead of count four. He also argues that the indictment was amended impermissibly when it was clarified at trial that count five corresponded to the armed bank robbery charge in count four. Finally, he contends that he was deprived of effective assistance of counsel because these arguments were not raised previously.

We rejected movant's claims concerning count five because he defaulted on them when he did not raise them on direct appeal. In order to avoid procedural default, he needed to show both cause for failing to raise the claims and actual prejudice from the alleged violations. United States v. Frady, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594 (1982). He could not show actual prejudice because both claims lacked merit. An indictment must give defendants "fair notice of the charges that they will face and the theories that the government will present at trial." United States v. Hartz, 458 F.3d 1011, 1022 (9th Cir. 2006). Movant's first claim lacked merit because the indictment notified him that he was charged with using a firearm in connection with the armed bank robberies detailed in counts two and four. An indictment also may not be constructively amended by altering its charging terms because it would allow a defendant to be convicted of a charge not brought by the grand jury. See id. at 1020-21. Movant's second claim lacked merit because matching count five up with count four at trial did not alter the charges against him in any way. Thus, the indictment was not amended.

We rejected movant's ineffective assistance of counsel claim because he could not show that he was prejudiced by his counsel's representation. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984) (requiring prejudice). Movant was not prejudiced by counsel's failure to raise the above frivolous claims. Therefore, we deny his motion for reconsideration.

We must issue or deny a certificate of appealability. Rule 11(a), Rules Governing § 2255 Proceedings. Movant has not made a substantial showing of the denial of a constitutional right, the motion's denial is justified by a plain procedural bar, and jurists of

reason would not find the procedural ruling debatable. Thus, we deny a certificate of appealability.

Accordingly, **IT IS ORDERED DENYING** movant's motion for reconsideration (doc. 37).

**IT IS FURTHER ORDERED DENYING** a certificate of appealability.

DATED this 11th day of February, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge